LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

SILVINO FELIX MARTINEZ,
*on behalf of himself, FLSA Collective Plaintiffs
and the Class,*

           Plaintiff,

    v.

ARTISAN PRESERVATION LLC,
CHRIS YACONO,
and IGNACIO [LNU],

           Defendants.

Case No:

**CLASS AND
COLLECTIVE ACTION
COMPLAINT**

**Jury Trial Demanded**

---

      Plaintiff, SILVINO FELIX MARTINEZ ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, ARTISAN PRESERVATION LLC (the "Corporate Defendant"), CHRIS YACONO, and IGNACIO [LNU] (together the "Individual Defendants," and collectively with the Corporate Defendant, the "Defendants") and states as follows:

1

## INTRODUCTION

1.  Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA") that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorneys' fees and costs.

2.  Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) statutory penalties, (3) liquidated damages and (4) attorneys' fees and costs.

3.  Plaintiff further alleges that, pursuant to the New York State Human Rights Law, he is entitled to recover from Defendants for discrimination based on gender: (1) compensatory damages and (2) attorney's fees and costs.

4.  Plaintiff further alleges that, pursuant to New York City Human Rights Law, Administrative Code of the City of New York §8-107 *et seq.*, he is entitled to recover from Defendants for discrimination based on gender: (1) compensatory and punitive damages and (2) attorneys' fees and costs.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6.  Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

7.  Plaintiff, SILVINO FELIX MARTINEZ, for all relevant time periods, was a resident of Kings County, New York.

8.   Defendants operate a business offering scaffolding erection and dismantling services to clients in Manhattan, and elsewhere in New York City, under the trade name "Artisan Preservation".

9.   Corporate Defendant:

>   ARTISAN PRESERVATION LLC is a domestic limited liability company organized under the laws of the State of New York with an address for service of process located at 199-29 21st Ave., Whitestone, NY 11357, and corporate offices located at 43-01 21st St., Suite 226, Long Island City, NY 11101 and 20 West 20th St., Suite 901, New York, NY 10011.

10.   Individual Defendants:

>   a) CHRIS YACONO is the managing member and chief executive officer of ARTISAN PRESERVATION LLC. CHRIS YACONO exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to CHRIS YACONO directly regarding any of the terms of their employment, and CHRIS YACONO would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

    b) IGNACIO [LNU] is a principal of ARTISAN PRESERVATION LLC. IGNACIO [LNU] exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to IGNACIO [LNU] directly regarding any of the terms of their employment, and IGNACIO [LNU] would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

11. At all relevant times, the Corporate Defendant, ARTISAN PRESERVATION LLC, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime premium for hours worked in excess of forty (40) each workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

17. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

18. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

19. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

20. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

21. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures, all culminating in a willful failure to (i) pay them overtime premium for all hours worked in excess of forty (40) each workweek, (ii) provide them with wage and hour notice upon hiring and annually thereafter, and (iii) provide them with wage statements for each payment period.

22. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

23. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly

situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d) Whether Defendants failed to pay Plaintiff and Class members overtime premium at a rate of one and one-half times his straight time hourly rate of pay for all hours worked in excess of forty (40) each workweek;

e) Whether Defendants provided to Plaintiff and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law; and

f) Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law.

**STATEMENT OF FACTS**

26. On or about June 6, 2016, Plaintiff SILVINO FELIX MARTINEZ was hired by to work as a scaffolding worker for Defendants' Artisan Preservation business.

27. Plaintiff worked for Defendants until on or about August 16, 2016,

28. Throughout his employment by Defendants, Plaintiff worked for approximately eight (8) hours per day, six (6) days per week, for a total of approximately forty-eight (48) hours

per week. Throughout his employment by Defendants, Plaintiff was never required to clock in or out.

29. Throughout his employment by Defendants, Plaintiff was compensated at a fixed daily rate of $130 per day worked. Plaintiff was always paid his entire fixed daily salary in cash. Similarly, FLSA Collective Plaintiffs and Class Members were also paid by Defendants at fixed daily rates in cash only.

30. Although Plaintiff regularly worked in excess of forty (40) hours per workweek during his employment by Defendants, Defendants never paid him overtime premium at a rate of one and one-half times his straight time hourly rate for such hours that he worked in excess of forty (40), as required under the FLSA and NYLL. There was never any agreement that the fixed daily salary that Defendants paid Plaintiff covered overtime hours in excess of forty (40) that Plaintiff worked each week.

31. Similarly, FLSA Collective Plaintiffs and Class Members regularly worked in excess of forty (40) hours per workweek, and never received any overtime premium at a rate of one and one-half times their straight time hourly rates of pay for the hours in excess of forty (40) they worked. Like Plaintiff, other FLSA Collective Plaintiffs and Class Members never formed any agreement that the fixed daily salaries that they received from Defendants were inclusive of overtime pay.

32. During his employment by Defendants, Plaintiff never received a proper wage and hour notice upon hiring, as required under the NYLL. In fact, Plaintiff was never provided with any wage and hour notices by Defendants. Similarly, Class Members never received proper wage and hour notices upon hiring.

33. During his employment by Defendants, Plaintiff never received a proper wage statement. In fact, Defendants never provided Plaintiff with any wage statements during his employment. Similarly, Class Members never received proper wage statements.

34. Throughout his employment by Defendants, Plaintiff was the victim of severe and unrelenting gender-based discrimination and sexual harassment at the hands of his direct supervisors, as well as other employees of Defendants' business. Defendants intentionally implemented policies resulting in an extremely hostile work environment, in which supervisory and managerial employees, among others, were permitted to openly discriminate against Plaintiff on the basis of gender and Plaintiff's perceived gender-based characteristics, and to sexually harass him, without fear that such open discriminatory conduct would result in any negative consequences whatsoever.

35. Plaintiff was born with a speech impediment, causing him to speak in a very soft, low volume voice at all times. Plaintiff's direct supervisors, foremen Luis [LNU] and Carlos [LNU] indicated to Plaintiff very shortly after the commencement of his employment that they viewed Plaintiff's speech impediment to be a sign of his effeminacy and/or homosexuality.

36. As such, Luis [LNU], Carlos [LNU], and Walter [LNU] (a non-managerial employee who was a friend of the two foremen) began to refer at all times to Plaintiff as "Mariquita," a vulgar and homophobic Spanish slur that translates to "little faggot" in English. Luis [LNU], Carlos [LNU] and Walter [LNU] would also frequently describe Plaintiff as to his fellow employees as "that faggot," and suggest to the other employees that Plaintiff wanted to "fuck them in the ass." Plaintiff's fellow non-managerial employees would laugh whenever Luis [LNU], Carlos [LNU], or Walter [LNU] made such comments.

37. Luis [LNU] and Carlos [LNU] would also request that Plaintiff retrieve tools for them, without having any intention of using such tools. Instead, once Plaintiff brought them the tools requested, they would reference the tools in crude, homophobic, remarks regarding Plaintiff, such as "Wow, this tool is shaped like a dick. I bet you would like to stick it up your ass, faggot." The foremen would then require Plaintiff to return the tool to where he got it from, unused. Although Plaintiff was aware that the foremen were requiring him to retrieve tools for the sole purpose of harassing him, he was nevertheless required to obey his supervisors and retrieve the tools each time he was asked to.

38. During his employment by Defendants, Plaintiff was the lowest paid employee at Defendants' business. Other new hires were typically compensated at a fixed daily rate of $160. However, due to Defendants' policy of gender-based discrimination against him, Plaintiff was deemed unworthy of the standard initial salary provided to other new employees, and thus received a lower fixed daily rate of only $130 per day. Whenever Plaintiff attempted to broach the topic of his relatively low rate of daily compensation compared to other new employees with Luis [LNU] and Carlos [LNU], they would dismiss his concerns out of hand, and respond by calling him a "faggot".

39. After witnessing their supervisors' treatment of Plaintiff, other non-managerial employees began to similarly harass Plaintiff and discriminate against him on the basis of gender. One non-managerial employee, Wilker [LNU], would frequently direct homophobic slurs at Plaintiff and would intimidate Plaintiff by swinging a knife he always carried on his person at Plaintiff.

40.     Plaintiff was unable to directly respond in any way to the above-described sexual harassment and homophobic, gender-based mockery because he believed that Defendatns would fire him if he did so.

41.     Extremely distressed by the discriminatory conduct of his supervisors and fellow non-managerial employees towards him, and by the rampant sexual harassment that he was subjected to on the job each day that he worked, Plaintiff informed Defendant IGNACIO [LNU] of his situation. However, Defendant IGNACIO [LNU] refused to help. When Plaintiff persisted in attempting to contact IGNACIO [LNU] by telephone, Defendant IGNACIO [LNU] responded by blocking Plaintiff's cellphone number.

42.     Defendant CHRIS YACONO also willfully ignored Plaintiff's attempt to advise Defendants of the harassment that he was subjected to, and was deliberately indifferent to his suffering at the hands of other employees.

43.     On the final day of Plaintiff's employment by Defendants, he was working with Wilker [LNU]. Wilker [LNU] was wielding a large hammer at the time. When Wilker [LNU] referred to Plaintiff as a "faggot", Plaintiff asked Wilker [LNU] not to refer to him using that slur. Wilker [LNU] responded by threatening to strike Plaintiff in the head with the hammer he was then holding. Fearing for his safety after receiving this threat of bodily harm, Plaintiff called the police. The police arrived, but only performed a cursory investigation and appeared not to take Plaintiff's complaint seriously. However, the foremen, Luis [LNU] and Carlos [LNU] were enraged at Plaintiff for summoning the police to the job site. After verbally abusing Plaintiff using homophobic slurs, and loudly questioning his masculinity, the foremen terminated Plaintiff's employment with Defendants' authority and approval.

44. Defendants unlawfully failed to pay Plaintiff, FLSA Collective Plaintiffs and Class members either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for all hours they worked over 40 in a workweek.

45. Defendants unlawfully failed to provide Plaintiff and Class Members with wage and hour notices upon hiring, as required under the NYLL.

46. Defendants unlawfully failed to provide Plaintiff and Class Members with wage statements for each pay period, as required under the NYLL.

47. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

48. Plaintiff realleges and reavers Paragraphs 1 through 47 of this class and collective action Complaint as if fully set forth herein.

49. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

50. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

51. At all relevant times, the Corporate Defendant had gross annual revenues in excess of $500,000.00.

52. At all relevant times, the Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty hours per workweek.

53. Plaintiff is in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

54. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

55. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

56. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

57. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

58. Plaintiff realleges and reavers Paragraphs 1 through 57 of this class and collective action Complaint as if fully set forth herein.

59. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law, §§2 and 651.

60. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek

61. Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

62. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

63. Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

64. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid wages due to unpaid overtime, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## COUNT III

## VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

**(GENDER DISCRIMINATION)**

65. Plaintiff realleges and reavers Paragraphs 1 through 64 of this Complaint as if fully set forth herein.

66. The New York State Human Rights Law prohibits discrimination in the terms, conditions, and privileges of employment on the basis of an individual's gender.

67. Plaintiff is an employee and a qualified person within the meaning of the New York State Human Rights Law ("NYSHRL") and Defendants are covered employers under the NYSHRL.

68. Defendants operated a business that discriminated against Plaintiff in violation of the NYSHRL by subjecting Plaintiff to a hostile work environment, in the form of constant gender-based discrimination and sexual harassment. Such discriminatory conduct by Defendants ultimately led to Plaintiff's termination by Defendants.

69. Due to Defendants' violations under the New York State Human Rights Law, as amended, based on discrimination on the basis of gender, Plaintiff is entitled to recover from Defendants: (1) compensatory damages and (2) attorneys' fees and costs.

## COUNT IV

## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

### (GENDER DISCRIMINATION)

70. Plaintiff realleges and reavers Paragraphs 1 through 69 of this Complaint as if fully set forth herein.

71. Plaintiff is an employee under the NYCHRL and was qualified for him position. Defendants are covered employers under the NYCHRL.

72. Defendants operated a business that discriminated against Plaintiff in violation of the NYCHRL by subjecting Plaintiff to a hostile work environment, in the form of constant harassment on the basis of gender. Such discriminatory conduct by Defendants ultimately led to Plaintiff's termination by Defendants.

73. Due to Defendants' violations under the New York City Human Rights Law, as amended, based on discrimination on the basis of gender, Plaintiff is entitled to recover from Defendants: (1) compensatory and punitive damages and (2) attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the New York Labor Law, the New York State Human Rights Law, and the New York City Human Rights Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

e. An award of compensatory damages pursuant to the New York State Human Rights Law;

f. An award of compensatory damages pursuant to the New York City Human Rights Law;

g. An award of punitive damages as a result of Defendants' willful violation of the New York City Human Rights Law;

h. An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

i. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked and overtime compensation for all hours worked over 40 per workweek, pursuant to 29 U.S.C. § 216;

j. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked, overtime compensation for all hours worked over 40 per workweek, pursuant to the New York Labor Law;

k. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

l. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

m. Designation of this action as a class action pursuant to F.R.C.P. 23;

n. Designation of Plaintiff as Representative of Class; and

o. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: October 11, 2016

                Respectfully submitted,

                LEE LITIGATION GROUP, PLLC
                C.K. Lee (CL 4086)
                Anne Seelig (AS 3976)
                30 East 39th Street, Second Floor
                New York, NY 10016
                Tel.: 212-465-1188
                Fax: 212-465-1181

                *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By:  */s/ C.K. Lee*
       C.K. Lee, Esq. (CL 4086)